**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

IN RE: 3M COMBAT ARMS
EARPLUG PRODUCTS LIABILITY
LITIGATION,     Case No. 3:19-md-2885

Judge M. Casey Rodgers
Magistrate Judge Gary R. Jones

This Document Relates to:

*William Wayman*
Case No. 7:20-cv-149
_____/

## ORDER

On November 9, 2020, the Court conducted a telephone hearing to address Defendants' Motion for Leave to Take the Deposition of Mark Klever. ECF No. 14. Prior to the hearing, Plaintiff Wayman filed a response in opposition to Defendants' motion. ECF No. 16.

For the reasons discussed on the record (which are fully incorporated herein) and those explained below, Defendants' Motion for Leave is due to be **GRANTED**. This order is a non-exhaustive recitation of the arguments made by the parties, as well as the Court's reasoning.

### I. BACKGROUND

This multidistrict litigation is a products liability action concerned with whether Defendants were negligent in their design, testing, and labeling of

the nonlinear dual-ended Combat Arms Earplug Version 2 (the "CAEv2"). Plaintiffs are servicemembers, veterans, and civilians, asserting state law claims for negligence and strict products liability based on design defect and failure-to-warn theories, as well as warranty, misrepresentation, fraud, gross negligence, negligence *per se*, and consumer-protection claims. They seek damages for hearing loss, tinnitus, and related injuries caused by their use of the CAEv2.

The parties are engaged in case-specific discovery related to the Bellwether Plaintiffs' claims and Defendants' defenses. Plaintiff is a Bellwether Plaintiff in Trial Group B. The Trial Group B cases are subject to the Discovery and Pretrial Schedule set forth in Pretrial Order No. 46, which the Court entered on July 31, 2020. MDL ECF No. 1295.[1] Relevant here, fact discovery closes this Friday, November 13, 2020. *Id.* at 2. Fact discovery includes "up to six case-specific depositions per side[,]" absent leave of court. *Id.*[2] Two weeks ago, on October 26, 2020, the Court entered an order on a motion for protective order explaining this limitation

---

[1] For ease of reference, citations to the multidistrict litigation docket (Case No. 3:19-md-2885-MCR-GRJ) are "MDL ECF No. __."

[2] The six deposition limit superseded the Court's original allowance of four case-specific depositions per side, MDL ECF No. 1009 at 1 (Pretrial Order No. 28), after Defendants asked for eight depositions. *See* MDL ECF No. 1331 at 63 ("I'm firm on the six depositions per side. I set four, the Defendants asked for eight, and I've compromised at six, and that's where you all are.").

includes Defendants' deposition of the Bellwether Plaintiff.  *Keefer v. 3M Co.*, No. 7:20-cv-104-MCR-GRJ, ECF No. 23 (N.D. Fla. Oct. 26, 2020).

Prior to the Court's order in *Keefer*, Defendants had conducted only two case-specific depositions—Plaintiff Wayman and Lesley Wayman (Plaintiff's spouse).  ECF No. 14 at 2.  Since then, Defendants deposed Dr. Debra Powell (a VA audiologist who once completed an audiology examination on Plaintiff Wayman in 2017 and diagnosed his tinnitus) on November 5, 2020.  ECF No. 14 at 3; ECF No. 16 at 3.  Defendants subpoenaed for deposition Dr. Elizabeth Knight (a VA physiatrist who once conducted a comprehensive traumatic brain injury evaluation on Plaintiff Wayman in 2018) and Dr. John DeCelles (Plaintiff Wayman's primary care physician since 2018), ECF No. 14 at 3; ECF No. 16 at 3, but those subpoenas are the subjects of motions to quash in the United States District Court for the District of Colorado pending transfer to this Court, ECF No. 14 at 7.

Defendants' discovery plan for Plaintiff Wayman's case also includes the depositions of Dr. Gloria Ryder (a therapist familiar with Plaintiff Wayman's mental health conditions and related symptoms), Mr. Mark Klever (Plaintiff Wayman's immediate supervisor at his current employment as an automotive technician for Land Rover in Colorado Springs), and

(potentially) an unidentified Hearing Conservation Program Manager from one of Plaintiff Wayman's duty stations. ECF No. 14 at 3–4; ECF No. 16 at 3. Defendants have scheduled Mr. Klever's and Dr. Ryder's depositions for November 11 and November 13, respectively. ECF No. 14 at 7.

## II. LEGAL STANDARD

The parties do not dispute that the Court has the authority to limit the number of case-specific depositions in this multidistrict litigation. *See* Fed. R. Civ. P. 26(b)(2)(A) ("By order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30.").[3] And it is well-established that this Court has the inherent power to enforce its own orders. *Magluta v. Samples*, 162 F.3d 662, 664 (11th Cir. 1998); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983). This leaves only the discrete question of whether the Court should grant Defendants leave to depose Mr. Klever.

---

[3] *See also In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 841 (6th Cir. 2020) ("Within the limits of [the Federal Rules of Civil Procedure … an MDL court has broad discretion to create efficiencies and avoid duplication—of both effort and expenditure—across cases within the MDL."); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1232 (9th Cir. 2006) ("[M]ultidistrict litigation is a special breed of complex litigation where the whole is bigger than the sum of its parts. The district court needs to have broad discretion to administer the proceeding as a whole, which necessarily includes keeping the parts in line. Case management orders are the engine that drives disposition on the merits.").

4

The Court reserved the power to alter the limit on the number of case-specific depositions with "leave of court," MDL ECF No. 1295 at 2, a decision within the sound discretion of the trial court. *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984). The Court, however, finds it appropriate to look to the burden a party must satisfy to exceed the 10-deposition limit in Federal Rule of Civil Procedure 30. Fed. R. Civ. P. 30(a)(2). The moving party must make "a particularized showing of why the discovery is necessary[,]" *Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minn.*, 187 F.R.D. 578, 586 (D. Minn. 1999), including establishing "the necessity of all the depositions [that party] took in reaching the prescribed limit[,]" *Barrow v. Greenville Indep. School Dist.*, 202 F.R.D. 480, 483 (N.D. Tex. 2001). *See also Jones-Walton v. Villas at Lake Eve Condo. Ass'n, Inc.*, No. 6:15-cv-995-Orl-22TBS, 2016 WL 6071736, at *2 (M.D. Fla. Oct. 17, 2016).

### III.  DISCUSSION

Upon consideration of the arguments presented by the parties in their briefs and at the telephonic hearing, the Court will grant Defendants leave for a seventh case-specific deposition of Mr. Klever. For starters, as Defendants argued at the hearing, Plaintiff Wayman's claims are unique in a few respects. Mr. Wayman has been diagnosed with mental health

conditions (including PTSD), suffered several potential traumatic brain injuries during his military service, and is seeking claims for lost wages. Additionally, Mr. Wayman has a spouse who served with him in the military.

This leads to Defendants' discovery plan, which Defendants explained includes a "unique lineup … for unique claims." Defendants have either deposed or noticed for deposition six persons with *relevant* and, more importantly, *necessary* knowledge of Plaintiffs' hearing loss or damages claims. Plaintiff is a given. Mrs. Wayman was Plaintiff Wayman's "direct supervisor in the Army[,] and she testified based on her daily interactions with him regarding [Plaintiff] Wayman's alleged hearing-related injuries." ECF No. 14 at 3. Dr. Powell was the first medical professional to diagnose Plaintiff Wayman's tinnitus. Dr. Ryder has treated Plaintiff Wayman for his mental health conditions including his PTSD, which he claims has been exacerbated by his tinnitus. Dr. Knight conducted Plaintiff Wayman's traumatic brain injury evaluation, which Defendants say would shed light on the underlying incident and its potential relationship to his alleged tinnitus. And, lastly, Dr. DeCelles has been Plaintiff Wayman's primary care physician since 2018 and, accordingly, will be able to testify to his longitudinal medical history (including, as Defendants anticipate, whether Plaintiff Wayman complained of or discussed his hearing loss).

This leaves Plaintiff Wayman's claim for lost wages. It is clear that a deposition of Mr. Klever would allow Defendants to explore that claim. Plaintiff Wayman has worked as an automobile technician for Land Rover for, at least, two years. As Plaintiff Wayman's immediate supervisor, Defendants expect Mr. Klever to testify to the severity of Plaintiff Wayman's hearing-related injuries and "how [Plaintiff] Wayman's current job responsibilities may interact with those injuries." ECF No. 14 at 3–4. There is little dispute that Mr. Klever's anticipated testimony is relevant and necessary to Defendants' defenses.

The undersigned appreciates that Defendants' motion presents a close question of whether the Court should exercise its discretion. The Court's limit on case-specific depositions serves an important purpose in this litigation, and Plaintiff Wayman presents compelling arguments as to the relevance of some of Defendants' witnesses and the supposed prejudice resulting from a seventh deposition. Indeed, the Court agrees with Plaintiff that choices and limitations are essential to the proper operation of discovery.

Nevertheless, the Court's limitation included an exception for additional depositions with leave of court. Defendants timely ask for such an exception, and, in the Court's view, they satisfy the arduous showing of

relevance and necessity as to Mr. Klever and all their previous depositions. That is, there is a reasoned basis for Defendants' discovery plan, including Mr. Klever's deposition. The Court, therefore, will grant Defendants leave of court to depose Mr. Klever.

Finally, it bears mentioning some of the practical consequences of granting Defendants' motion, all of which the Court also considered in resolving the instant motion. First and foremost, there is no guarantee that Defendants will conduct six case-specific depositions in this matter. They have only taken three depositions (Plaintiff Wayman, Mrs. Wayman, and Dr. Powell), but Mr. Klever's and Dr. Ryder's depositions are imminent before Friday's discovery deadline. Defendants *may* be able to take the depositions of Dr. Knight and Dr. DeCelles if their subpoenas survive the Government's motions to quash, but they may not. Second, the Court is not persuaded that Mr. Klever's deposition will result in an unjust expenditure of Plaintiff Wayman's resources to prosecute this case or affect other discovery deadlines. This deposition of a fact witness seems relatively straightforward and, consequently, should not take an inordinate amount of time. And third, as discussed at the hearing, the Court's holding here does not establish precedent for future motions for leave to expand the case-specific deposition limitation. For the purpose of resolving these

motions, the Court views the facts of each Bellwether Plaintiff's case in isolation.

## IV.  CONCLUSION

Accordingly, it is **ORDERED** that Defendants' Motion for Leave to Take the Deposition of Mark Klever, ECF No. 14, is **GRANTED**.

**DONE AND ORDERED** this 9th day of November 2020.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge