# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

IN RE: 3M COMBAT ARMS
EARPLUG PRODUCTS LIABILITY
LITIGATION,

Case No. 3:19-md-2885

Judge M. Casey Rodgers
Magistrate Judge Gary R. Jones

This Document Relates to:

*William Wayman*
Case No. 7:20-cv-149

_____/

## ORDER

Pending before the Court is Defendants' Motion to Compel Plaintiff William Wayman to Complete his [Defense[1] Medical Examination]. ECF No. 19. Plaintiff Wayman has filed a response in opposition. ECF No. 21. The instant motion, therefore, is ripe for consideration.

Plaintiff Wayman is a Bellwether Plaintiff in Trial Group B, subject to the Discovery and Pretrial Schedule set forth in Pretrial Order No. 46. MDL ECF No. 1295. Moreover, Plaintiff Wayman has agreed to submit to a

---

[1] Defendants use the term "independent medical examination" or, for short, "IME," but this is a misnomer because Defendants' medical examinations of the Bellwether Plaintiffs are "'inextricably intertwined with the adversarial process.'" *Davanzo v. Carnival Cruise Lines*, No. 14-20153-CIV, 2014 WL 1385729, at *2 (S.D. Fla. Apr. 9, 2014) (quoting *Goggins v. State Farm Mut. Auto. Ins. Co.*, No. 3:10-cv-826-J-20JBT, 2011 WL 1660609, at *3 (M.D. Fla. May 3, 2011)); *see also Zabkowicz v. West Bend Co.*, 585 F. Supp. 635, 636 (E.D. Wis. 1984) ("The defendants' expert is being engaged to advance the interests of the defendants; clearly, the doctor cannot be considered a neutral in the case.").

defense medical examination in lieu of a court-ordered physical examination contemplated by Federal Rule of Civil Procedure 35.  MDL ECF No. 1477 (Pretrial Order No. 56).[2]  Pretrial Order No. 56 sets forth the protocol for the examinations of Bellwether Plaintiffs in the four trial groups, including Defendants' selection from 15 appropriate tests for alleged hearing loss or tinnitus and a deadline to produce the test results to the Bellwether Plaintiffs (within one week of the examination).  *Id.*  The defense examinations of the Trial Group A Bellwether Plaintiffs occurred after the fact discovery deadline and during the expert discovery period.  The Trial Group B Bellwether Plaintiffs have followed that same schedule.

Here, the parties scheduled Plaintiff Wayman's defense examination for December 28, 2020, at a clinic in Colorado within driving distance of his home.  ECF No. 19 at 1; ECF No. 21 at 2.  The day before the examination, Defendants advised Plaintiff Wayman that their expert intended to conduct 12 tests from Pretrial Order No. 56 but "reserve[d] the right to not have certain of the tests administered based on the course of the examination." ECF No. 19-1 at 2.

---

[2] Pretrial Order No. 56 states that it applies only to Trial Group A, but the Court assumes the parties will utilize this agreed-upon protocol during the DMEs for the Bellwether Plaintiffs in Trial Groups B, C, and D.

Plaintiff Wayman attended his defense examination with paralegal Kevin Rowe (Andrus Wagstaff P.C.). Prior to Plaintiff Wayman's arrival, Dr. J. Eric Lupo informed his staff that Plaintiff Wayman "would have audiological testing done in the morning" and that Dr. Lupo "would see [Plaintiff Wayman] at [1:00 p.m.] to conduct the otoscopy[.]" ECF No. 19-3 at 2. Dr. Lupo says that his audiologist greeted Plaintiff Wayman that morning and informed him Dr. Lupo would examine him at 1:00 p.m. *Id.* at 3. Beginning at 9:30 a.m., a technician, Paige, conducted a series of tests on Plaintiff Wayman. ECF No. 21-2 at 2. Those tests lasted two hours, until 11:30 a.m., at which time Plaintiff Wayman and Mr. Rowe were told "that the necessary testing portion was complete." *Id.* Paige, nevertheless, asked Plaintiff Wayman to return at 1:00 p.m. *Id.* at 3.

Mr. Rowe asked the "front desk staff at the clinic" to "check with" Paige as to why Plaintiff Wayman needed to return if testing was complete. *Id.* The front desk staff clarified with Mr. Rowe that Plaintiff Wayman "needed to come back to go over the results." *Id.* Mr. Rowe contacted Plaintiffs' Leadership Counsel, Amanda Hunt (Clark, Love & Hutson, PLLC), to confirm whether Plaintiff Wayman was required to stay until 1:00 p.m. (or return at that time). *Id.*; *see also* ECF No. 21-1 at 3. Ms. Hunt, in turn, conferred by email with Defendants' counsel, Mary Kim (Dechert

LLP).  ECF No. 19-2 at 2–3.  Ms. Kim advised Ms. Hunt that Plaintiff Wayman did "not need to return to go over his results" and that she would so inform Dr. Lupo.  *Id.* at 2.  At 12:30 p.m., Ms. Hunt contacted Mr. Rowe, who then told Plaintiff Wayman he may leave.  ECF No. 21-2 at 3.

At 1:00 p.m., Dr. Lupo went to retrieve Plaintiff Wayman from the clinic waiting room, but Plaintiff Wayman was not there.  ECF No. 19-3 at 3.  Dr. Lupo called Plaintiff Wayman, who told Dr. Lupo that Mr. Rowe advised him he could leave.  *Id.*  Dr. Lupo says that he is "not aware of any of [his] staff telling [Plaintiff] Wayman that the testing was done for the day."  *Id.*

Defendants ask the Court to compel Plaintiff Wayman "to return to the clinic for approximately 10 minutes so that the otoscopy can be completed in accordance with [Pretrial Order No.] 56" and offer to accommodate Plaintiff Wayman's scheduling constraints.  ECF No. 19 at 5.  It is well-established that this Court has the inherent power to enforce its own orders.  *Magluta v. Samples*, 162 F.3d 662, 664 (11th Cir. 1998); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983).

Defendants fail to demonstrate that the Court should exercise this power to require a continued or follow-up examination.  For starters, it is undisputed Plaintiff Wayman attended and participated in his defense examination in good faith.  The only evidence Defendants rely on to

4

suggest otherwise is Dr. Lupo's declaration, but that is insufficient for the reasons argued in Plaintiff's response.  ECF No. 21 at 4.  Indeed, conspicuously absent from the record is any declaration by Dr. Lupo's "front desk staff" or his technician, Paige, that they did not tell Plaintiff Wayman or Mr. Rowe that testing was complete before he left.  Because Plaintiff Wayman and Mr. Rowe were instructed by Dr. Lupo's staff that his testing was finished *and* by Defendants' counsel that he did not need to stay until 1:00 p.m. to review his results, the Court cannot conclude Plaintiff Wayman violated either the letter or spirit of Pretrial Order No. 56.

What's more, any confusion that may have resulted in the early termination of Plaintiff Wayman's defense examination was caused by Defendants' reservation of the "right to not have certain of the tests administered."  This made it impossible for Plaintiff Wayman, Mr. Rowe, or Plaintiffs' Leadership Counsel to independently determine when the examination was complete.  For example, even if, as Dr. Lupo states, an audiologist informed Plaintiff Wayman that Dr. Lupo would examine him at 1:00 p.m., it was reasonable for Plaintiff Wayman, Mr. Rowe, or Plaintiffs' Leadership Counsel to conclude that Dr. Lupo's plan changed after Paige completed her testing and Plaintiff Wayman was informed his testing was finished.

Finally, any continued or follow-up examination would impose an undue burden on Plaintiff Wayman. Plaintiff Wayman is the sole income provider in his family, works normal business hours on weekdays, and suggests he would still miss hours of work to travel to and from the clinic again. Plaintiff Wayman also attempts to avoid "COVID-related risks" so he does not endanger the health of himself and his family, including his elderly mother-in-law. Although Defendants offer to accommodate Plaintiff Wayman's work schedule, they fail to raise any argument (or offer any evidence) to say that the proposed otoscopy is necessary in view of the other tests conducted during Plaintiff Wayman's defense examination. The Court concludes, therefore, that Plaintiff should not shoulder *any* burden for Defendants' mistake.

Accordingly, it is **ORDERED** that Defendants' Motion to Compel, ECF No. 19, is **DENIED**.

**DONE AND ORDERED** this 11th day of January 2021.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge