UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to: *Wayman*, 7:20-cv-149 | Judge M. Casey Rodgers Magistrate Judge Gary R. Jones |

# ORDER

This matter is before the Court on Plaintiff William Wayman's Motion for Summary Judgment on several of Defendants' affirmative defenses under Federal Rule of Civil Procedure 56. ECF No. 32. Having now fully considered the parties' arguments and applicable Colorado law, the Court concludes that Wayman's motion should be **GRANTED** in part and **DENIED** in part.

Summary judgment is appropriate where there are no genuine disputes of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A fact is "material" if, under the applicable substantive law, it might affect the outcome of the case. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The burden of demonstrating the absence of a genuine dispute of material fact rests with the moving party. *Celotex*, 477 U.S. at 323. In determining whether the moving party has carried its burden, a court must view the evidence and factual inferences drawn therefrom in the light most favorable to the non-moving party. *Liberty Lobby*, 477 U.S. at 255; *Allen v. Tyson Foods*, 121 F.3d 642, 646 (11th Cir. 1997).

The Court assumes the parties' familiarity with the general factual allegations and nature of this multidistrict litigation. Wayman has brought fifteen claims against Defendants under Colorado law[1] arising from injuries he alleges were caused by his use of the Combat Arms Earplug version 2 ("CAEv2") during his military service. *See* Amended Master Short Form Compl., ECF No. 8.[2] Defendants raise several affirmative defenses, including that Wayman's failure to warn claims are barred by various intermediary defenses and that the United States should be apportioned fault for Wayman's injuries. Defendants' Answer, ECF No. 9. Wayman has moved for

---

[1] The parties agree Colorado law applies to Wayman's claims. *See* ECF Nos. 32 & 54.

[2] Specifically, Wayman raises claims for Design Defect – Negligence (Count I), Design Defect – Strict Liability (Count II), Failure to Warn – Negligence (Count III), Failure to Warn – Strict Liability (Count IV), Breach of Express Warranty (Count V), Breach of Implied Warranty (Count VI), Negligent Misrepresentation (Count VII), Fraudulent Misrepresentation (Count VIII), Fraudulent Concealment (Count IX), Fraud and Deceit (Count X), Gross Negligence (Count XI), Negligence Per Se (Count XII), Consumer Fraud and/or Unfair Trade (Count XIII), Unjust Enrichment (Count XV), and Punitive Damages (Count XVI).

CASE NO. 7:20cv149-MCR-GRJ

summary judgment on each of these affirmative defenses. ECF No. 32. Thus, the Court addresses Defendants' intermediary and apportionment defenses.

### A. Defendants' Intermediary Defenses

Wayman argues that under Colorado law Defendants' learned intermediary, sophisticated intermediary, and bulk supplier affirmative defenses do not apply to a manufacturer whose product is marketed and sold directly to the general public. ECF No. 32-1 at 3–8. The Court agrees.

As Defendants essentially concede, their learned intermediary and bulk supplier defenses fail as a matter of law. *See* ECF No. 54 at 1 (arguing only that the sophisticated intermediary doctrine applies). Colorado courts have adopted the learned intermediary defense but only in the medical context. *O'Connell v. Biomet, Inc.*, 250 P.3d 1278, 1281 (Colo. App. 2010) (adopting the learned intermediary defense and explaining that this defense applies to a medical device because "it is only available to physicians and obtained by prescription"). Thus, Defendants' learned intermediary defense fails as a matter of law because the CAEv2 is a consumer good that can be obtained without a physician intermediary.

Similarly, Colorado courts have adopted a version of the bulk supplier defense but only in the context of "component-part manufacturer[s] or raw-material supplier[s]." *Bond v. E.I. DuPont De Nemours and Co.*, 868 P.2d 1114, 1118 (Colo. 1993). Thus, Defendants' bulk supplier defense fails as a matter of law because

CASE NO. 7:20cv149-MCR-GRJ

Defendants are not component-part manufacturers or raw-material suppliers and instead designed, manufactured, marketed, and sold the final product.

Lastly, Defendants' sophisticated intermediary defense also fails as a matter of law. As Defendants concede, no Colorado court has ever adopted the sophisticated intermediary defense. ECF No. 54 at 3. Moreover, even if Colorado courts did adopt this defense, it would not apply to this case. As the Court has explained in a separate 3M case, "[i]ntermediary defenses, such as the sophisticated intermediary doctrine, are inapplicable to consumer products that can be purchased over the counter because the underlying rationale for the intermediary defense is lost where users could purchase and use the product without an intermediary." *In re 3M Combat Arms Earplug Prods. Liab. Litg.*, Case No. 7:20cv143, ECF No. 66, at 3–4 (N.D. Fla. Oct. 29, 2021) (citations omitted). As such, the Court finds that Colorado courts would not apply the sophisticated intermediary doctrine to this case, which involves a consumer good that can be purchased without an intermediary.

### B. Defendants' Apportionment Defense

Wayman also moves for summary judgment on Defendants' apportionment defense, arguing that Defendants did not provide a timely or adequate nonparty designation. ECF No. 32-1 at 8–16. The Court declines to enter summary judgment on this basis and concludes instead that Defendants should be allowed to amend their Answer to provide an adequate nonparty designation.

CASE NO. 7:20cv149-MCR-GRJ

This Court sitting in diversity must apply Colorado substantive law and federal procedural law. *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). Federal courts have consistently applied Colorado law in determining whether fault can be apportioned to a nonparty. *See Blatchley v. St. Anthony Summit Med. Center*, 822 Fed. App'x 663, 666 (10th Cir. 2020); *U.S. Welding, Inc. v. Tecsys, Inc.*, Case No. 14-cv-778, 2015 WL 300419, at *3 (D. Colo. Jan. 22, 2015); *Resolution Trust Corp. v. Deloitte & Touche*, 818 F. Supp. 1406, 1407–08 (D. Colo. 1993). Under Colorado law, "negligence or fault of a nonparty may be considered . . . if the defending party gives notice that a nonparty was . . . at fault within ninety days of commencement of the action *unless the court determines that a longer period is necessary*." Colo. Rev. Stat. § 13–21–111.5(3)(b) (emphasis added). Additionally, "[t]he notice shall be given by filing a pleading in the action designating such nonparty and setting forth such nonparty's name . . . together with a brief statement of the basis" for the nonparty's liability. *Id*. In a negligence action, the defendant's brief statement cannot be a "bald allegation" and must connect actual facts to each element of negligence alleged. *Redden v. SCI Colorado Funeral Servs., Inc.*, 38 P.3d 75, 81 (Colo. 2001) (en banc) (citing *Sandoval v. Archdiocese of Denver*, 8 P.3d 598, 606 (Colo. App. 2000)). Thus, "[a] designation that alleges only causation is insufficient as a matter of law . . . ." *Id*.

CASE NO. 7:20cv149-MCR-GRJ

Here, Defendants' Answer provides the nonparty designation. *See* Defendants' Answer, ECF No. 9. Specifically, the relevant portion of the Answer states that "[t]he injuries and damages allegedly sustained by Plaintiff may have been caused, in whole or in part, by the negligent acts or omissions of individuals or entities other than Defendants, including but not limited to Plaintiff and the nonparty the United States." *Id*. at 6, ¶ 14. Under Colorado law, this nonparty designation is inadequate as a matter of law because it is a "bald allegation" that does not mention particular facts in Wayman's case and only generally alleges causation. *Redden*, 38 P.3d at 81.

Nonetheless, the Court has broad discretion to allow amendments to nonparty designations. *See id.* at 84. This discretion is guided by three criteria: "whether the neglect was excusable; whether the moving party had alleged a meritorious defense or claim; and whether [the] relief . . . would be consistent with equitable considerations." *Id*. (citing *Craig v. Rider*, 651 P.2d 397, 402 (Colo. 1982) (en banc)). Here, Defendants' neglect is clearly excusable because the Answer was filed almost a year before the parties agreed Colorado law applies. Defendants' Answer, ECF No. 9 (filed on July 31, 2020); Plaintiff's Motion for Summary Judgment, ECF No. 32-1 at 3 (explaining that the parties agreed that Colorado law applies on June 3, 2021). Additionally, Defendants' apportionment defense arguably raises a meritorious defense, especially in light of the fact that Wayman never argued that

CASE NO. 7:20cv149-MCR-GRJ

Defendants' apportionment defense fails on its merits. *See* ECF No. 32-1 at 8–16 (arguing only that Defendants' apportionment defense fails due to an inadequate nonparty designation). Finally, equitable factors weigh in favor of allowing an amendment. Specifically, Defendants' current Answer provided Wayman notice that Defendants were asserting an apportionment defense as to the United States. Moreover, trial is not scheduled to begin for another month, which provides adequate time for Defendants' amendment while still giving Wayman sufficient time to prepare. The evidence related to this defense is no surprise to Wayman given the extensive discovery conducted in this MDL litigation as well as the existing records of previously tried cases, in which the defense has been asserted. Therefore, Wayman will not suffer undue prejudice by the late amendment. For these reasons, Defendants are entitled to amend their Answer to comply with the Colorado apportionment statute.

Accordingly, Wayman's Motion for Summary Judgment, ECF No. 32, is **GRANTED** as to Defendants' intermediary defenses and **DENIED** as to Defendants' apportionment defense. However, Defendants are instructed to file an Amended Answer within 7 days of the Courts' ruling.

**DONE AND ORDERED** this 10th day of December 2021.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

CASE NO. 7:20cv149-MCR-GRJ