# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

IN RE: 3M COMBAT ARMS
EARPLUG PRODUCTS LIABILITY
LITIGATION,

Case No. 3:19-md-2885

Judge M. Casey Rodgers
Magistrate Judge Gary R. Jones

This Document Relates to:
*Ronald Sloan,* 7:20-cv-1
*William Wayman,* 7:20-cv-149
_____/

## ORDER

Pending before the Court are: (1) the Objection and Motion to Quash, filed by Elliott Berger ("Berger"), ECF No. 2358, (2) Plaintiffs' Emergency Motion to Compel Third-Party Discovery, ECF No. 2361,[1] and (3) Defendants' Motion to Quash.[2]

On December 22, 2021 the Court scheduled an evidentiary hearing for December 29, 2021 to address the issue of whether Berger was unavailable for the upcoming *Sloan/Wayman* trial. In that order the Court authorized Berger to testify remotely. The Court also directed Plaintiffs to issue a subpoena for Berger's appearance at the evidentiary hearing in the

---

[1] Plaintiffs' Emergency Motion to Compel filed in the individual cases is docketed in *Sloan* at ECF No.110 and is docketed in *Wayman* at ECF No. 118.

[2] Defendants' Motion to Quash was not filed in the master case but was filed in *Sloan* at ECF No. 117 and was filed in *Wayman* at ECF No. 125.

event Berger did not want to appear voluntarily. Plaintiff served a subpoena *duces tecum* directing Berger to appear at a location within 100 miles of his residence in Indiana and to produce documents listed in Schedule A of the subpoena. In response to the subpoena Berger filed the objection and motion to quash objecting to the request to produce documents. In response to the objection Plaintiffs filed the emergency motion to compel. Defendants then at the last minute filed their Motion to Quash and Opposition to Plaintiffs' Emergency Motion to Compel. The parties' respective positions are set forth in the objection and motion to quash and the motion to compel. The Court will therefore consider the arguments in Berger's objection and motion to quash as his opposition to the motion to compel.

## DISCUSSION

Berger objects to the timing of the *duces tecum* request arguing that it is unreasonable to require production of documents in such a short time frame. Additionally, Berger argues that requiring production in Pensacola, Florida more than 100 miles from Berger's residence violates Rule 45(d)(3)(A)(ii). Third, Berger argues that the Court only authorized the issuance of a subpoena in the event Berger does not agree to appear. Because Berger has agreed to appear voluntarily Berger says the

2

subpoena was issued in violation of the Court's Order scheduling the evidentiary hearing. Lastly, Berger says the subpoena *duces tecum* seeks documents that contain attorney-client privilege, co-defense privilege and work product documents, all of which is beyond the scope of the evidentiary hearing.

Turning first to the timing of the subpoena, the abbreviated time frame for production of the documents by Berger is a direct function of the timing of the evidentiary hearing. The Court was required to set the evidentiary hearing on a short time frame because the issue only became ripe on December 22, 2021 and the *Sloan/Wayman* trial is scheduled to begin on January 10, 2022. Consequently, the Court was required to schedule the evidentiary hearing in sufficient time to consider the evidence and prepare a report and recommendation before the trial commences. The subpoena *duces tecum* was served within two days of the Court's order scheduling the evidentiary hearing and, therefore, under these circumstances was not unreasonable.

Additionally, the documents requested are not voluminous and are fairly targeted. In the Court's view because of the limited universe of documents requested the abbreviated time frame was not unreasonable.

Production of the documents in the Court's view could be accomplished in a fairly short time frame.

As to Berger's argument that the subpoena should be quashed because it requires compliance more than 100 miles from Berger's residence, the argument ignores the directive in the subpoena that the documents can be produced by email. There is no requirement that Berger appear in person to produce the documents. Mail-in compliance with subpoenas is the overwhelming procedure in most cases. Therefore, because Berger does not need to appear in person in Pensacola to produce the documents the subpoena does not violate the 100-mile limitation in Rule 45(c)(1)(A) of the Federal Rules of Civil Procedure. *See, e.g. Trigeant Ltd. V. Petroleos De Venezuala, S.A.,* No. 08-80584-CIV, 2009 WL 10668731, at *3 (S.D. Fla. May 5, 2009) (the 100-mile limitation in Fed.R.Civ. P. 45(c)(3)(A)(ii) "was intended to apply to nonparty persons subpoenaed to testify or appear, and to corporate officers required to deliver documents in person."); *Trahan v. Sandoz Inc.,* No. 3:13-CV-350-J-34MCR, 2014 WL 12628614, at *3 (M.D. Fla. July 23, 2014)(refusing to quash a subpoena because the person need not appear in person at the place of production and instead directing the party issuing the subpoena to make arrangements for shipment of the documents).

As to Berger's argument that the Court's order only contemplated the issuance of a subpoena if Berger failed to appear voluntarily, the Court's order did not prohibit the issuance of a subpoena *duces tecum*. The sole purpose of the Court directing Plaintiffs to issue a subpoena to Berger if he did not agree to appear voluntarily was to ensure that Berger testified at the evidentiary hearing. It goes without stating the obvious that if Berger does not appear at the hearing there would be no reason to have the hearing because the focus of the evidentiary hearing is to determine whether Berger is unavailable to provide testimony in the upcoming trial. Thus, the Court's Order focused entirely upon Berger providing testimony at the hearing and not the production of documents. Plaintiffs were fully entitled to subpoena documents if they believed the documents were relevant to the evidentiary hearing.

Lastly, as to the documents Plaintiffs have subpoenaed Berger to produce, the documents for the most part are highly relevant to the Court's inquiry at the evidentiary hearing. Documents relating to the retention of Berger's counsel and payment for his services is highly relevant to whether Berger is subject to some measure of control by 3M. Further, documents relating to the terms of the consulting agreement and the termination of the consulting agreement bear upon the issue of whether Berger continues to

participate with 3M in the presentation of his testimony. To be sure, Berger is not required to produce documents containing communications between 3M's counsel and Berger during the time period when 3M says its counsel represented Berger. As to whether some communications may be protected by the joint representation privilege or are subject to the common interest doctrine, to the extent Berger (and/or 3M) intends to assert these privileges he (they) should do so in a privilege log as required by Rule 45(e)(2)(A) and not through a motion to quash that does not provide any specificity of the documents that may be subject to the privilege.

And while the subject matter of communications between Berger and 3M's counsel concerning his trial testimony may be subject to privilege, communications concerning the fact that 3M's counsel prepared Berger's trial testimony and communications surrounding the coordination for the preparation of Berger's trial testimony, are not privileged and may be highly relevant to the issue of whether Berger continues to be subject to some control by 3M.

Thus, to the extent that Berger seeks to assert a claim of privilege concerning documents that are subject to the subpoena Berger should provide a privilege log for these documents so the Plaintiffs may assess the assertion of privilege and the Court, if necessary, can resolve any claims of

privilege. To the extent, however, that Berger has possession, custody and control of documents responsive to the subpoena about which he does not assert a privilege Berger must produce these documents to Plaintiffs' counsel by email in sufficient time for the documents to be available for the evidentiary hearing tomorrow morning.

Accordingly, upon due consideration, it is **ORDERED**:

1. Berger's Motion to Quash, ECF No. 2358, is **DENIED**. To the extent that Berger asserts a privilege as to any documents responsive to the subpoena Berger must assert the privilege in a privilege log as required by Rule 45(e)(2)(A) of the Federal Rules of Civil Procedure.

2. Defendants' Motions to Quash (*Sloan,* ECF No. 117 and *Wayman,* ECF No. 125) are **DENIED.** Defendants may assert privilege through a privilege log. After submission of a privilege log to the extent there is a dispute between the parties as to privilege, the Plaintiffs may file a motion to compel and after a response the Court can then address any issues of privilege.

2. Plaintiffs' Emergency Motion to Compel Third-Party Discovery, ECF No. 2361, is **GRANTED**. Berger must produce the documents responsive to the subpoena over which he does not claim privilege. The documents must be emailed to counsel for Plaintiffs in sufficient time to be available for the evidentiary hearing on December 29, 2021.

**DONE AND ORDERED** this 28th day of December 2021.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

7