UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>*RONALD ELLIOT SLOAN*,<br>Case No. 7:20-cv-1<br>*WILLIAM WAYMAN*,<br>Case No. 7:20-cv-149 | Case No. 3:19-md-2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding the two cases in this trial.

When I have finished you will go to the jury room and begin your discussions – what we call your deliberations.

As you are aware, this is a products liability trial involving the Combat Arms Earplug, version 2, or the "CAEv2" for short.  The two cases combined for this trial are part of a larger Multi District Litigation (MDL) proceeding.  An MDL involves a number of similar cases filed in different parts of the country by plaintiffs who reside in different parts of the country.  All of the similar cases are consolidated and transferred to one court and one judge for handling.  It's important for you to understand that this is not a class action.  Instead, each plaintiff and each case is individual and distinct and you must at all times treat each case as if it were being tried by itself.  These cases were consolidated for purposes of the MDL and this trial for reasons of efficiency only because they share certain facts in common, including some common witnesses, and they share the same defendants.   With that said, you must not be influenced in any one of these cases by evidence unique to a different case.

The two individual cases in this trial are brought by Mr. Ronald Sloan and Mr. William Wayman.  Mr. Sloan and Mr. Wayman have sued several defendants that designed and sold the CAEv2, namely, 3M Company, 3M Occupational Safety LLC, Aearo Holding LLC, Aearo Intermediate LLC, Aearo LLC, and Aearo Technologies LLC.  I will collectively refer to the defendants as "3M."

Again, while these cases have been combined for the purpose of presenting the evidence in one trial, they remain separate cases and you must render a separate verdict as to each plaintiff and each individual claim and defense, which means your deliberations must be specific to each individual plaintiff and, during your deliberations as to each individual plaintiff, you must not consider in any way the other plaintiff's claims or 3M's defense to those claims.

Also, the claims in these cases are based on different state laws. Mr. Sloan's case is governed by Kentucky law, and Mr. Wayman's case is governed by Colorado law. Sometimes the law of different states is the same, but where that law differs, I will instruct you, and you must carefully apply the appropriate law to each plaintiff's claims, as instructed. Therefore, as you deliberate, it is important that you not only consider and weigh the witness testimony and evidence separately as to each plaintiff, each claim, and each defense, but also apply the appropriate legal standards for each claim and defense under the applicable state law. You should consider the Kentucky instructions only for Mr. Sloan's claims and the Colorado instructions only for Mr. Wayman's claims.

While the instructions I will now give you are lengthy, they will guide you through this process. I will first give you general instructions that apply to both cases on common issues, such as how to evaluate witness credibility, how to

consider the evidence, and what burdens of proof you must apply. Then, I will give you separate, case specific instructions that outline the elements of each plaintiff's claims and 3M's affirmative defense and define the state law that you must apply. Finally, I will close with more general instructions about your deliberations and the verdict forms you must complete.

Your decision in this case must be based only on the evidence presented in the courtroom during the trial, and you must not let your decision be influenced in any way by sympathy for, or prejudice against, anyone.

You must follow and apply all of the law as I explain it to you, whether you agree with that law or not, and you must follow all of my instructions as a whole. You must not single out or disregard any of my instructions on the law.

The fact that corporations are involved as parties must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees.

As I said before, you should consider only the evidence – that is, the testimony of the witnesses and the exhibits admitted. Please remember that anything the lawyers say is not evidence and is not binding on you. Also, this has been a lengthy trial and we've been together in the courtroom a lot. You may have seen me at times appear frustrated with the pace of the trial or even with one or more of the attorneys. If so, I apologize. During your deliberations you must remember that I am totally neutral in these proceedings, and it is very important that you not assume from anything I've said or done during the trial that I have any opinion about any factual issue in any of these cases, or what your verdict should be, because I assure you I do not. Except for my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your own decision concerning the facts.

It is solely the jury's responsibility to decide the facts, and your own recollection and interpretation of the evidence is what matters – no one else's.

As you consider the evidence, both direct and circumstantial, you may use reasoning and common sense to make deductions and reach conclusions. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an

eyewitness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. However, you need not be concerned about whether the evidence is direct or circumstantial because the law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness, I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to observe accurately the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is permitted to state an opinion about the matter.  We call this type of a witness an expert witness and you heard from a number of them in this trial.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion.  The same as with any other witness, it is up to you to decide whether to rely upon it.

Also, when a witness has been or will be paid for reviewing and testifying concerning the evidence, you may consider the possibility that the witness may be biased in favor of the party who paid for the expert's services.  Also, to the extent an expert witness provides expert services and court testimony with regularity, or to the extent expert witness fees represent a significant portion of the expert witness's income, you should view their testimony with more caution.

As I instructed you at the beginning of this trial, a deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

A number of depositions have been presented to you during the trial by video. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

You have been permitted to take notes during the course of the trial, and most of you – perhaps all of you – have taken advantage of that opportunity and may have made notes from time to time.

You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory. In other words, you should not give your notes any precedence over your independent recollection of the evidence or the lack of evidence; and neither should you be unduly influenced by the notes of other jurors.

I emphasize to you that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

Charts or summaries have been prepared by each side and have been shown to you during the trial for the purpose of explaining facts that are allegedly contained in books, records, or other documents which are in evidence in the case. Some of these charts or summaries have been admitted into evidence.

You may consider the charts and summaries as you would any other evidence admitted during the trial and give them such weight or importance, if any, as you feel they deserve. To the extent you determine that the charts or summaries, in whole or in part, are not an accurate summary of evidence already in the record, you may disregard the charts or summaries, in whole or in part.

These cases involve multiple claims, as well as an "affirmative defense," all of which I will explain in detail in a moment. It is the responsibility of the party bringing a claim or affirmative defense to prove every essential part of that claim or affirmative defense by a "preponderance of the evidence," or in some instances, by "clear and convincing evidence" or "beyond a reasonable doubt." This is sometimes called the burden of proof or the burden of persuasion.

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the party's claim or affirmative defense is more likely or more probably true than not true.

Sometimes a party has the burden of proof by "clear and convincing" evidence. "Clear and convincing" is a higher standard of proof than proof by a preponderance of the evidence, but less than proof "beyond a reasonable doubt." "Clear and convincing" means the evidence must persuade you that the claim or defense is highly probable or reasonably certain, and you have no serious or substantial doubt.

Sometimes a party has the burden of proof "beyond a reasonable doubt." Reasonable doubt means a doubt based upon reason and common sense which arises

from a fair and rational consideration of all of the evidence, or the lack of evidence, in the case. It is a doubt which is not a vague, speculative, or imaginary doubt, but such a doubt as would cause reasonable people to hesitate to act in matters of importance to themselves.

I will instruct you on when to apply each standard.

In deciding whether any fact has been proven by the applicable standard you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the evidence fails to establish any essential part of a claim or affirmative defense by the applicable standard, you should find against the party making the claim or affirmative defense. When more than one claim or affirmative defense is involved, you should consider each separately.

As you are aware, this trial involves civil actions brought by Plaintiffs Ronald Sloan and William Wayman, both United States Army veterans, who allege they suffered permanent hearing injuries, including hearing loss and tinnitus, and that these injuries were caused by the Combat Arms Earplug, version 2 ("CAEv2"), which was produced and sold by 3M to the United States military and commercially.

In a moment, I will instruct you separately on each of the claims and affirmative defense asserted in each case, and you must decide each one separately and according to the applicable standard of proof.

During this trial, you have heard evidence regarding the United States Army. It is important to understand that the Army is NOT a party to this litigation and no one has sued the Army.

You are instructed that the United States Army has no legal responsibility for the design of the CAEv2 or the content of any warnings and/or instructions and therefore you will not consider whether the Army is liable or at fault for any injury caused by the CAEv2's design or any failure to warn and/or instruct, or that any such injury was unforeseeable to 3M because of an action or inaction of the military.

With that said, if supported by the evidence, you may take into account the Army's desire for an earplug with certain characteristics and features.

**[TRANSITION TO CASE-SPECIFIC INSTRUCTIONS]**

Any verdict you reach in the jury room must be agreed to by all jurors. In other words, to return a verdict, eight of you must agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the cases with one another in an effort to reach agreement, if you can do so. Each of you must decide each case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the cases, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the cases over with.

Remember, that in a very real way you are judges – judges of the facts. Your only interest is to seek the truth in each case from the evidence.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court. A form of verdict for each case has been prepared for your convenience.

[Explain verdict]

You will take the verdict forms to the jury room and when you have reached unanimous agreement, you will have your foreperson fill in the verdict forms, date and sign them, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the court security officer who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.