## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

WILLIAM WAYMAN,

      Plaintiff,

v.

3M COMPANY, 3M
OCCUPATIONAL SAFETY LLC,
AEARO HOLDING LLC,
AEARO INTERMEDIATE LLC,
AEARO LLC, and
AEARO TECHNOLOGIES LLC,

      Defendants.

Case No. 7:20cv149-MCR-GRJ

## COURT'S INSTRUCTIONS TO THE JURY

I will now instruct you on the claims brought by Mr. William Wayman, 3M's defense, and the applicable law. Colorado law applies to his case, and you should consider these instructions only in deciding Mr. Wayman's case.

Mr. Wayman raises the following separate legal claims against 3M, for which he seeks compensatory damages for his hearing injuries:

(1)   strict liability based on design defect,

(2)   strict liability based on failure to warn and/or instruct,

(3)   strict liability based on misrepresentation,

(4)    negligence,

(5)   negligence per se,

(6)   fraudulent misrepresentation,

(7)   fraudulent concealment,

(8)   negligent misrepresentation, and

(9)   deceptive trade practices.

To prevail, Mr. Wayman must establish all of the elements of at least one of these claims by a preponderance of the evidence, or where I've instructed, by clear and convincing evidence.  In addition, Mr. Wayman contends that 3M should be punished by the imposition of punitive damages, which must be proven beyond a reasonable doubt.

3M denies the claims made by Mr. Wayman and contends that its conduct did not cause Mr. Wayman's hearing injuries.   Also, 3M asserts the following affirmative defense, on which it bears the burden of proof by a preponderance of the evidence:

(1)    comparative negligence.

Mr. Wayman denies the affirmative defense.

I will now instruct you separately on each of the claims and affirmative defense, and you must decide each claim and defense separately.

A certain presumption applies in this case.  A "presumption" is a legal rule based on experience or public policy.  A presumption is established in the law to assist the jury in determining the truth.  It is not definitive or conclusive but should be considered by the jury in deciding whether Mr. Wayman has proven his product liability claims of design defect, failure to warn and/or instruct, strict liability misrepresentation, and negligence.  For each of these claims:

If you find that at the time 3M sold the CAEv2 (1) the product did not comply with any applicable regulation with a government code, standard, or regulation existing and in effect at the time of sale, and (2) that the lack of compliance was a cause of Mr. Wayman's claimed injuries, then the law presumes that the CAEv2 was defective.

You must consider this presumption together with all the other evidence in the case in deciding whether the CAEv2 was defective.

Mr. Wayman first contends he was injured because the CAEv2 was defective and unreasonably dangerous in its design.

A product is defective in its design, even if it is manufactured and performs exactly as intended, if any aspect of its design makes the product unreasonably dangerous.

A product is unreasonably dangerous because of a defect in its design if it creates a risk of harm to persons or property that is not outweighed by the benefits to be achieved from such design.

The fact that the plaintiff may have been injured, without more, does not establish that the product was defective or unreasonably dangerous.

You should consider the presumption on page 4, together with all the other evidence in the case, in deciding whether the CAEv2 was defective in its design.

For Mr. Wayman to recover from 3M on his claim of product design defect, you must find all of the following have been proved by a preponderance of the evidence:

(1)     The CAEv2 was defective and, because of the defect, the CAEv2 was unreasonably dangerous to a person who might reasonably be expected to use or be affected by the CAEv2;

(2)      Mr. Wayman was injured; and

(3)     The defect in the CAEv2 was a cause (as defined on page 29) of Mr. Wayman's injuries.

If you find from your consideration of all the evidence that each of these statements has been proven, then 3M is at fault, your verdict should be for Mr. Wayman on the claim of strict liability based on a design defect, and you should consider damages and apportionment of fault (if any).

Otherwise, you should find for 3M on the claim.

Mr. Wayman also contends 3M is strictly liable for his injuries because of its failure to provide adequate warnings and/or instructions for safe and effective use with the CAEv2.

A product not otherwise defective in its design becomes defective and unreasonably dangerous if adequate warnings or instructions for safe and effective use are not provided.  To be adequate, the warnings or instructions for safe and effective use must inform the ordinary user of any specific risk of harm that may be involved in any intended or reasonably expected use or any failure to properly follow instructions when using the product for any intended or reasonably expected use.

However, if a specific risk of harm would be apparent to an ordinary user from the product itself, a warning of or instructions concerning that specific risk of harm are not required.

A manufacturer's obligation to provide an adequate warning and instruction is non-delegable.  That is, if warnings and/or instructions are required in order to make a product safe and effective for use, then the manufacturer cannot avoid liability by asserting that another party was responsible for providing those warnings

and/or instructions.  So, in deciding whether 3M fulfilled this non-delegable duty to warn and/or instruct on the safe and effective use of the CAEv2, you may not consider any preference expressed by the United States Army as to whether instructions should have been provided with the product.

Again, the fact that the plaintiff may have been injured, without more, does not establish that the product was defective or unreasonably dangerous.

And again, you should consider the presumption stated on page 4, together with all the other evidence in the case, in deciding whether the CAEv2 was defective for a failure to adequately warn and/or instruct.

To prevail on his strict liability failure to warn and/or instruct claim, Mr. Wayman must prove by a preponderance of the evidence that:

(1)    The CAEv2 was defective because adequate warnings or instructions for safe and effective use were not provided, and, because of the lack of adequate warnings or instructions for safe and effective use, the CAEv2 was unreasonably dangerous to a person who might reasonably be expected to use or be affected by the CAEv2;

(2)    Mr. Wayman was injured; and

(3)    The absence of adequate warnings or instructions for safe and effective use was a cause (as defined on page 29) of Mr. Wayman's injuries.

If you find from your consideration of all the evidence that each of these statements has been proven, then 3M is at fault, your verdict should be for Mr. Wayman on the claim of strict liability based on the failure to warn and/or instruct, and you should consider damages and apportionment of fault (if any).

Otherwise, you should find for 3M on the claim.

Mr. Wayman also contends that 3M is strictly liable for his injuries because it misrepresented material facts about the CAEv2's character or quality.

A misrepresentation of a material fact concerning the character or quality of a product is:

1.  Any oral or written words, conduct, or combination of words and conduct that create an untrue or mistaken impression in the mind of another about the character or quality of a product; and

2.  The untrue or mistaken impression is of a fact that would be important to a purchaser or user in determining his or her course of action.

A person relies on a misrepresentation if that person takes action that he or she otherwise would not take or decides not to take action that he or she would otherwise take because he or she believes the misrepresented information is true.

A person's reliance on a misrepresentation is reasonable if that person believes the information to be true and a reasonable person with the same intelligence, education and experience would also have believed it to be true under the same or similar circumstances.

You should also consider the presumption on page 4, together with all the other evidence in the case, in deciding whether 3M misrepresented the character or quality of the CAEv2.

To recover on his claim of misrepresentation of a product, Mr. Wayman must prove all of the following by a preponderance of the evidence:

(1)    3M misrepresented a fact concerning the character or quality of the CAEv2 that would be material to potential purchasers or users of the product;

(2)    The misrepresentation was made to potential purchasers or users as members of the public at large;

(3)    As a purchaser or user, the United States Army or Mr. Wayman reasonably relied on the misrepresentation;

(4)    Mr. Wayman was a person who would reasonably be expected to use the CAEv2; and

(5)    Mr. Wayman had injuries caused (as defined on page 29) by the reasonable reliance of the United States Army or Mr. Wayman on the misrepresentation.

If you find from your consideration of all the evidence that each of these statements has been proven, then 3M is at fault, your verdict should be for Mr. Wayman on the claim of strict liability misrepresentation, and you should consider damages and apportionment of fault (if any).

Otherwise, you should find for 3M on the claim.

Mr. Wayman contends that 3M was negligent in designing the CAEv2 and warning and/or instructing about the CAEv2's dangers, meaning it failed to exercise reasonable care.

Negligence means a failure to do an act which a reasonably careful person would do, or the doing of an act which a reasonably careful person would not do, under the same or similar circumstances to protect oneself or others from injury.

Reasonable care is that degree of care which a reasonably careful person would use under the same or similar circumstances.

If a manufacturer of a product knows or in the exercise of reasonable care should know that (1) the use of the product may be harmful or injurious to a user, and (2) that risk of harm or injury is not obvious to a reasonable user, then the manufacturer must use reasonable care to warn the user of the risk of harm or injury if a reasonably careful person would do so under the same or similar circumstances. The failure to do so is negligence.

Also, as noted earlier, a manufacturer's obligation to provide an adequate

warning and instruction is non-delegable.  That is, if warnings and/or instructions are required in order to make a product safe and effective for use, then the manufacturer cannot avoid liability by asserting that another party was responsible for providing those warnings and/or instructions.  So, in deciding whether 3M fulfilled this non-delegable duty to warn and/or instruct on the safe and effective use of the CAEv2, you may not consider any preference expressed by the United States Army as to whether instructions should have been provided with the product.

You should also consider the presumption on page 4, together with all the other evidence in the case, in deciding whether the CAEv2 was defective.

To recover on his claim of negligence, Mr. Wayman must prove all of the following by a preponderance of the evidence:

(1)    3M was negligent by failing to exercise reasonable care to prevent the CAEv2 from creating an unreasonable risk of harm to the person or property of one who might reasonably be expected to use the CAEv2 while it was being used in the manner 3M might have reasonably expected;

(2)    Mr. Wayman was one of those persons 3M should reasonably have expected to use the CAEv2; and

(3)     Mr. Wayman had injuries that were caused (as defined on page 29) by
3M's negligence, while the CAEv2 was being used in a manner 3M
should reasonably have expected.

If you find from your consideration of all the evidence that each of these
statements has been proven, then 3M is at fault, your verdict should be for Mr.
Wayman on the claim of negligent design and failure to warn and/or instruct, and
you should consider damages and apportionment of fault (if any).

Otherwise, you should find for 3M on the claim.

Mr. Wayman also contends that 3M was negligent per se because 3M violated Environmental Protection Agency (EPA) regulations.  Such a violation, if proven, is called negligence per se, which means negligence as a matter of law.

Specifically, Mr. Wayman contends that 3M violated certain EPA regulations that apply to the testing and labeling of all hearing protection devices sold commercially or to the military, including the CAEv2.  These regulations provide that certain information must be included with each device sold, whether packaged individually or in bulk, and require:

> The value of sound attenuation to be used in the calculation of the Noise Reduction Rating must be determined according to the "Method for the Measurement of Real-Ear Protection of Hearing Protectors and Physical Attenuation of Earmuffs." This standard is approved as the American National Standards Institute Standard (ANSI STD) S3.19-1974.  40 CFR § 211.206-1(a).

> All hearing protective devices . . . must be labeled according to this subpart, and must comply with the Labeled Values of mean attenuation. A manufacturer must take into account both product variability and test-to-test variability when labeling his devices . . . .  40 CFR § 211.211.

> The information to appear on the primary label must . . . state the value of the Noise Reduction Rating (NRR) in decibels for that model hearing protector. The value stated on the label must be no greater than the NRR

value determined by using the [ANSI S3.19-1974] computation method
. . . .   40 CFR § 211.204-1(b)(1).

The following minimum supporting information must accompany the
device in a manner that insures its availability to the prospective user. .
. . . Instructions as to the proper insertion or placement of the device.
40 CFR § 211.204-4(e).

Mr. Wayman claims that 3M violated the EPA regulations by, for example:

1.      Failing to label the CAEv2 with an accurate Noise Reduction Rating
        (NRR), on either the individual or bulk package;

2.      Failing to test the CAEv2 in conformance with ANSI S3.19; and

3.      Failing to provide instructions as to the proper insertion or placement
        of the CAEv2, on either the individual or bulk package.

The violation of these regulations constitutes negligence per se.  It is your duty
to decide whether or not such a violation took place.

To recover damages for this claim, Mr. Wayman must prove by a
preponderance of the evidence that the negligence per se of 3M was a cause (as
defined on page 29) of his injuries.

If you find from your consideration of all the evidence that the claim is proven, then 3M is at fault, your verdict should be for Mr. Wayman on the claim of negligence per se, and you should consider damages and apportionment of fault (if any).

Otherwise, you should find for 3M on the claim.

Mr. Wayman asserts two claims based on fraud – (1) fraudulent misrepresentation and (2) fraudulent concealment.

Mr. Wayman contends he was injured because 3M made a fraudulent misrepresentation in connection with the CAEv2. A false representation is any oral or written words, conduct, or combination of words and conduct that creates an untrue or misleading impression in the mind of another.

A fact is material if a reasonable person under the circumstances would regard it as important in deciding what to do.

A fact may also be material even though a reasonable person might not regard it as important, if the person stating it knows that the person receiving the information would regard it as important in deciding what to do.

Mr. Wayman relied on the claimed representation if he believed it was true, and based on that representation:

1.      Took action he otherwise would not have taken; or

2.      Decided not to take action he otherwise would have taken.

Page 19 of 36

A person is justified in assuming that a representation is true if a person of the same or similar intelligence, education, or experience would rely on that representation.

A person's reliance is justified even though he did not make an investigation that would have revealed the facts unless:

1. He knew specific facts that would have caused a person of the same or similar intelligence, education or experience to be suspicious and investigate; and

2. He had a reasonable opportunity to investigate.

To recover on his fraudulent misrepresentation claim, Mr. Wayman must prove by a preponderance of the evidence that:

(1)   3M made a false representation of a past or present fact;

(2)   The fact was material;

(3)   At the time the representation was made, 3M

   (a)   knew the representation was false, or

   (b)   was aware that it did not know whether the representation was true or false;

(4)     3M made the representation with the intent that the United States Army, servicemembers, and/or Mr. Wayman would rely on the representation;

(5)     Mr. Wayman relied on the representation;

(6)      Mr. Wayman's reliance was justified; and

(7)      This reliance caused (as defined on page 29) injuries to Mr. Wayman.

If you find from your consideration of all the evidence that each of these statements has been proven, then your verdict should be for Mr. Wayman on the fraudulent misrepresentation claim, and you should consider the issue of damages.

Otherwise, you should find for 3M on the claim.

Mr. Wayman also contends that 3M fraudulently concealed at least one material fact concerning the CAEv2.

3M had a duty to disclose material facts if it knew about them and if:

1.   3M stated some facts, but not all material facts, knowing that they would create a false impression in the mind of the United States Army or Mr. Wayman; or

2.   3M knew that by its own unclear or deceptive words or conduct that it created a false impression of the actual facts in the mind of the United States Army or Mr. Wayman; or

3.   3M knew that the United States Army or Mr. Wayman were not in a position to discover the facts.

A fact is material if a reasonable person under the circumstances would regard it as important in deciding what to do.

A fact may also be material even though a reasonable person might not regard it as important, if the person concealing it knows that the person receiving the information would regard it as important in deciding what to do.

3M concealed a fact that it knew, if, by conduct, or by written or oral words, or by a combination of conduct and words, it created a false impression of the actual fact in the mind of the United States Army or Mr. Wayman:

1.   By covering up the truth or

2.   By preventing the United States Army or Mr. Wayman from discovering the actual fact.

When dealing with another party, a person is justified in assuming that party will not intentionally fail to disclose a past or present material fact which the other person knows and has a duty to disclose or conceal a material fact.

However, a person is not justified in relying on this assumption when someone of the same or similar intelligence, education, or experience would not rely on it.

A person's reliance is justified even though he did not make an investigation that would have revealed the facts unless:

1.   He knew specific facts that would have caused a person of the same or similar intelligence, education or experience to be suspicious and investigate; and

2.   He had a reasonable opportunity to investigate.

To prevail on this claim, Mr. Wayman must prove by a preponderance of the evidence that:

(1)     3M concealed a past or present fact or failed to disclose a past or present fact which it had a duty to disclose;

(2)     The fact was material;

(3)     3M intended to create a false impression of the actual facts in the mind of the United States Army or Mr. Wayman;

(4)     3M intended that the Army or Mr. Wayman take a course of action that might not have been taken if they knew the actual facts;

(5)     Mr. Wayman used the CAEv2 relying on the assumption that the concealed or undisclosed fact did not exist or was different from what it actually was;

(6)     Mr. Wayman's reliance was justified; and

(7)     This reliance caused (as defined on page 29) injuries to Mr. Wayman

If you find from your consideration of all the evidence that each of these statements has been proven, then your verdict should be for Mr. Wayman on the fraudulent concealment claim, and you should consider the issue of damages.

Otherwise, you should find for 3M on the claim.

Mr. Wayman contends that 3M made negligent misrepresentations regarding the CAEv2. Again, negligence means a failure to do an act which a reasonably careful person would do, or the doing of an act which a reasonably careful person would not do, under the same or similar circumstances to protect oneself or others from injury.

For Mr. Wayman to prevail on this claim, he must prove by a preponderance of the evidence that:

(1)    3M negligently gave false information to the United States Army or to Mr. Wayman;

(2)    Mr. Wayman relied on the information; and

(3)    This reliance was a cause (as defined on page 29) of injuries to Mr. Wayman.

If you find from your consideration of all the evidence that each of these statements has been proven, then your verdict should be for Mr. Wayman on the negligent misrepresentation claim, and you should consider the issue of damages.

Otherwise, you should find for 3M on the claim.

Mr. Wayman also contends that 3M violated the Colorado Consumer Protection Act by engaging in deceptive trade practices.

3M engaged in a deceptive trade practice if, in the course of its business, 3M:

1. Either knowingly or recklessly made a false representation as to the characteristics of the CAEv2;

2. Represented that the CAEv2 is of a particular standard, quality, or grade knowing that it is of another; or

3. Failed to disclose material information concerning the CAEv2 which information was known at the time of an advertisement or sale if such failure to disclose such information was intended to induce the consumer to enter into a transaction.

A "misrepresentation" or "false representation" is a false statement that induces the person to whom it is made to act or to refrain from acting or has the capacity to deceive the recipient even if it did not.

To recover on this claim, Mr. Wayman must prove by a preponderance of the evidence that:

(1)     3M engaged in a deceptive trade practice;

(2)     The deceptive trade practice occurred in the course of 3M's business;

(3)     The deceptive trade practice significantly impacted the public as actual or potential consumers of the CAEv2;

(4)     Mr. Wayman was an actual or potential consumer of the CAEv2; and

(5)     The deceptive trade practice caused (as defined on page 29) actual damages or losses to Mr. Wayman.

If you find from your consideration of all the evidence that each of these statements has been proven, then your verdict should be for Mr. Wayman on the deceptive trade practices claim, and you should consider the issue of damages.

Otherwise, you should find for 3M on the claim.

In determining whether the challenged trade practices significantly impacted the public as actual or potential consumers of the CAEv2, you must consider all of the following:

1. The number of consumers directly affected by the challenged trade practices;

2. The relative sophistication of the consumers directly affected by the challenged trade practices;

3. The bargaining power of the consumers directly affected by the challenged trade practices;

4. Evidence that the challenged trade practices have previously impacted other consumers; and

5. Evidence that the challenged trade practices have a significant potential to impact other consumers in the future.

In considering Mr. Wayman's claims, you must decide whether 3M's conduct caused his injuries.

The word "cause" as used in these instructions means an act or failure to act which in natural and probable sequence produced the claimed injury. It is a cause without which the claimed injury would not have happened.

If more than one act or failure to act contributed to the claimed injury, then each act or failure to act may have been a cause of the injury.  A cause does not have to be the only cause or the last or nearest cause.  It is enough if the act or failure to act joins in a natural and probable way with some other act or failure to act to cause some or all of the claimed injury.

3M has raised an affirmative defense of comparative negligence, which you must consider before rendering a verdict in favor of Mr. Wayman.   More specifically, 3M asserts that fault should be apportioned to Mr. Wayman to lessen or eliminate 3M's liability.

An affirmative defense applies when a claim is proven but other facts are found that defeat a finding of liability or lessen that party's damages.   Although a defendant is not required to disprove the claim for the affirmative defense to apply, to prevail on a specific affirmative defense, the defendants—in this case, 3M—must prove the affirmative defense by a preponderance of the evidence.

A form of comparative fault is the negligence, if any, of the plaintiff.  3M asserts as an affirmative defense that the negligence of Mr. Wayman was the cause of his injuries.  Specifically, 3M alleges that Mr. Wayman negligently used the CAEv2.

If you find that Mr. Wayman had injuries and that these injuries were caused by the negligence or fault of the 3M, you must then determine whether Mr. Wayman was also negligent or at fault, and whether any such negligence or fault of Mr. Wayman contributed to his own injuries.

Comparative negligence means a failure to do an act which a reasonably careful person would do, or the doing of an act which a reasonably careful person would not do, under the same or similar circumstances to protect oneself from bodily injury.  Reasonable care is that degree of care which a reasonably careful person would use under the same or similar circumstances.

To find Mr. Wayman at fault based on his own negligence, 3M must prove all of the following by a preponderance of the evidence:

(1)     Mr. Wayman failed to do something that a reasonably careful person would do, or did something that a reasonably careful person would not do, under the same or similar circumstances to protect himself from the claimed defect in the CAEv2; and

(2)     The conduct by Mr. Wayman was a cause (as defined on page 29) of his claimed injuries.

If you find that 3M has proven both statements, you will be instructed on the verdict form to determine the percent of fault, expressed as a percentage of 100 percent, attributable to Mr. Wayman's negligence.

Otherwise, you should find for Mr. Wayman on this defense.

I caution you that if you allocate a percentage of fault to Mr. Wayman, you should not make any reduction in the total damages awarded because of his negligence or fault.  The Court in entering judgment will take into account your allocation of fault among the parties.

Mr. Wayman has the burden of proving, by a preponderance of the evidence, the nature and extent of his damages.  If you find in favor of Mr. Wayman you must determine the total dollar amount of Mr. Wayman's damages.  In determining such damages, you must consider the following:

1.   Any noneconomic losses or injuries which Mr. Wayman has had to the present time or which Mr. Wayman will probably have in the future, including: physical and mental pain and suffering, inconvenience, emotional stress, and impairment of the quality of life.

2.   Any physical impairment.  In considering damages in this category, you must not include damages again for losses or injuries already determined under numbered paragraph 1 above.

In determining the amount of Mr. Wayman's actual damages, you cannot reduce the amount of or refuse to award any such damages because of any physical frailties or mental condition of Mr. Wayman that may have made him more susceptible to injury, disability, or impairment than an average or normal person.

At the beginning of this trial Mr. Wayman had a life expectancy of 33 more years (79 years old).  This expectancy is taken from the United States social security

mortality table. This table is not conclusive but may be considered together with other evidence relating to the plaintiff's health, habits, and occupation.

Difficulty or uncertainty in determining the precise amount of any damages does not prevent you from deciding an amount.  You should use your best judgment based on the evidence.

The fact that an instruction on measure of damages has been given to you does not mean that the Court is instructing the jury to award or not to award damages. The question of whether or not damages are to be awarded is a question for the jury's consideration.

If you find in favor of Mr. Wayman and award him actual damages on his claim of deceptive trade practices, then you must consider whether Mr. Wayman has proven by clear and convincing evidence that 3M engaged in bad faith conduct.

"Bad faith conduct" means fraudulent, willful, knowing, or intentional conduct that causes injuries.

If you find in favor Mr. Wayman on one or more of his claims then you must consider whether Mr. Wayman should recover punitive damages against 3M.  If you find beyond a reasonable doubt that 3M acted in a fraudulent, malicious, or willful and wanton manner, in causing Mr. Wayman's injuries you shall determine the amount of punitive damages, if any, that Mr. Wayman should recover.

Punitive damages, if awarded, are to punish the defendant and to serve as an example to others.

"Willful and wanton conduct" means an act or omission purposefully committed by a person who must have realized that the conduct was dangerous, and which conduct was done heedlessly and recklessly, either without regard to the consequences, or without regard to the rights and safety of others, particularly the plaintiff.

As I previously instructed you, reasonable doubt means a doubt based upon reason and common sense which arises from a fair and rational consideration of all of the evidence, or the lack of evidence, in the case.  It is a doubt which is not a vague, speculative, or imaginary doubt, but such a doubt as would cause reasonable people to hesitate to act in matters of importance to themselves.