UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>*Wayman*, 7:20cv149 | Case No. 3:19-md-02885-MCR-GRJ<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S POST-TRIAL BRIEF REGARDING COLORADO'S STATUTORY CAPS ON DAMAGES**

Mr. Wayman concedes that Colorado law limits awards for noneconomic damages to an inflation-adjusted amount—currently $468,010.00. *See* Colo. Rev. Stat. § 13-21-102.5. Yet, in his post-trial brief, he argues that the statutory cap should be multiplied *six times* for each of the six corporate Defendants. In doing so, he argues for the first time—indeed, the first time any plaintiff in this litigation has argued—that the defendants should be treated individually, rather than collectively, in assessing liability. That conclusion is not compelled by Colorado law and is entirely inconsistent with the pleadings and the positions Mr. Wayman took at trial.

It is true, as Mr. Wayman argues, that the Colorado Supreme Court stated that "the cap in section 13-21-102.5 applies to the liability share of each defendant in a case, and does not act as a cap on the total amount a plaintiff can recovery." *Gen. Elec. Co. v. Niemet*, 866 P.2d 1361, 1362 (Colo. 1994). But *Niemet* addressed—and

1

answered—an entirely different question than the one presented here.  Viewed in its proper context, *Nieman* fully supports Defendants' position.

The Colorado legislature abolished joint and several liability (other than for conspiracy) decades ago and replaced it with pro rata liability.  *See* Colo. Rev. Stat. § 13-21-111.5.  Under that statute, "no defendant shall be liable for an amount greater than that represented by the degree or percentage of the negligence or fault attributable to such defendant."  *Id*.  The statute also requires juries to return a special verdict determining the percentage of liability for both parties and non-parties.  *Id*.

Thus, as the Colorado Supreme Court noted, the sole issue presented in *Nieman* was "the relationship between section 13-21-102.5, which limits noneconomic damages in a civil action, and section 13-21-111.5, the pro rata liability statute."  *Nieman*, 866 P.2d at 1362 (citations omitted).  Or, "the issue is whether a trial court should apply the statutory cap on noneconomic damages before or after it rules on the pro rata liability of the defendants and the plaintiff."  *Id*. at 1363. The court found the damages cap statute ambiguous on this point. *See id*. at 1364. But after examining the legislature history, the court concluded that a trial court "should apportion pro rata liability among the defendants and plaintiff before it applies the statutory cap of section 13-21-102.5."  *Nieman*, 866 P.2d at 1367.

Notably, the decision in *Neiman assumed* that the plaintiff had proven—and the fact finder had determined—pro rata liability against more than one tortfeasor.

2

Nothing in *Nieman* suggests that a plaintiff could recover multiple capped amounts from defendants sharing a single vicarious liability for an injury. This is especially true under the facts here given the allegations in the Master Complaint, the way Mr. Wayman litigated the case through trial, and the reality that the Defendants are, in fact, for purposes of liability *in this case*, one and the same.

First, in the Master Complaint, Plaintiffs do not differentiate the potential liabilities of the six defendants at all. To the contrary, Plaintiffs specifically allege that "Defendant 3M is liable for Aearo Defendants' conduct." Case No. 3:19-md-02885-MCR-GRJ, ECF 704 at ¶ 21. Thereafter in the Master Complaint—including in every cause of action—Plaintiffs refer to the six corporate defendants collectively as "Defendants" and nowhere do they assert that any of the six corporate defendants committed any actions or omissions different from the others.

Second, Mr. Wayman tried the case the same way. He presented no evidence that would have permitted a jury to allocate fault differently to any of the Defendants. He did not request jury instructions on pro rata liability, nor did he request that the jury be asked to apportion fault among the Defendants on the verdict form. *See* ECF 122 (Plaintiff's proposed verdict form). In fact, the Court's instructions (without objection) referred to the Defendants collectively as "3M." Trial Tr. 1/27/2022 at 33:13-17. And in closing arguments, his attorneys again asked for a single collective verdict against the Defendants. *Id*. at 135:15 (asking for an amount to "change 3M").

Third, regardless of their corporate form, the Defendants share the same potential liability in this case. Specifically, in their answer to the Master Complaint, Defendants admitted the allegations in paragraphs 18 and 19. *See* Case No. 3:19-md-02885-MCR-GRJ, ECF 800 at ¶¶ 18-19. In those paragraphs, Plaintiffs allege:

> 18. On or about November 15, 2007, 3M and/or 3M Occupational Safety LLC (collectively, "3M Defendants") acquired Aearo Holding LLC, Aearo Intermediate LLC, Aearo LLC, and Aearo Technologies LLC (collectively, "Aearo Defendants") for approximately $1.2 billion.
>
> 19. Defendant Aearo Technologies LLC's sole member is Defendant Aearo LLC, whose sole member is Defendant Aearo Intermediate LLC, whose sole member is Defendant Aearo Holding LLC, whose sole member is Defendant 3M Occupational Safety LLC, whose sole member is Defendant 3M.

Case No. 3:19-md-02885-MCR-GRJ, ECF 704 at ¶¶ 18-19. Thus, 3M Company owns and controls 100% of the other five named defendants, rendering any suggestion that they are six separate parties for purposes of *this litigation* illusory.

In short, Mr. Wayman—and all the Plaintiffs in this litigation—made a strategic decision to treat the six corporate defendants as one and the same for liability purposes. Having done that—successfully here—Mr. Wayman cannot now receive six times the statutory cap simply because he chose to name 3M Company and five wholly-owned subsidiaries in his complaint. Nothing in the language of section 13-21-102.5 or the holding in *Neiman* dictates that result.

Dated: February 23, 2022          Respectfully submitted,

         /s/ Robert C. Brock

Robert C. "Mike" Brock
**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5991
mike.brock@kirkland.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo LLC*

5

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)**

Pursuant to Local Rule 7.1(F), counsel for Defendants certify that this memorandum contains 907 words.

Dated: February 23, 2022                    Respectfully submitted,

/s/ Robert C. Brock
Robert C. "Mike" Brock
**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5991
mike.brock@kirkland.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY this 23rd day of February 2022, a true and correct copy of the foregoing was electronically filed via the Court's CM/ECF system, which will automatically serve notice of this filing via e-mail to all registered counsel of record.

Dated: February 23, 2022                    Respectfully submitted,

/s/ Robert C. Brock
Robert C. "Mike" Brock
**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5991
mike.brock@kirkland.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding, LLC, Aearo Intermediate, LLC and Aearo LLC*